# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv483

| | |
|---|---|
| JONATHAN HAMRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOEL A. WILLIAMS, in his individual ) | |
| capacity as an officer with the North ) | |
| Carolina Highway Patrol; and NORTH ) | |
| CAROLINA HIGHWAY PATROL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel. After such motion was filed, the Clerk of this court instructed plaintiff to file a certificate of service of such motion by using the Certificate of Service event through ECF. Rather than file such certificate, plaintiff filed an Amended Motion to Compel Discovery after defendants had filed their response to the original motion. No reply to defendants' response was filed and no notice was provided of plaintiff's intent not to file a reply. See L.Cv.R. 7.1(E). The court will, therefore, strike the Amended Motion to Compel as not in compliance with the instructions of the Clerk of this Court and deem the certificate of service attached thereto as applicable to the original

motion.

Turning to the substance of the motion, plaintiff seeks to compel production of portions of the individual defendant's personnel file related to any alleged use of excessive force. Plaintiff originally sought production of such documents in an interrogatory and a request for production of documents, which defendant North Carolina Highway Patrol properly objected to as made confidential by state law. Defendants have cited Chapter 126-24 of the North Carolina General Statutes as providing such confidentiality, which can only be overcome by, *inter alia*, a court order requiring such production.

In this case, the court finds that production of documents contained in a law enforcement officer's personnel file related to prior allegations of use of excessive force are well within the scope of discovery under Rule 26, Federal Rules of Civil Procedure. The court finds that 10 years is a reasonable time period to include within such production. In addition to the usual protective order that will accompany such ordered production, the court will allow defendants to redact any sensitive personal identifiers of Defendant Williams, including but not limited to date of birth, Social Security number, home address, home phone and personal cell numbers, and references to family, if such are found in any documents related to use of excessive force.

Finally, the court will not allow fees or costs as the objection was properly interposed. Counsel are advised that the usual method for handling such disclosures is through joint motion with a proposed Order for production and protective order, which saves a great deal when compared with a Motion to Compel. Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1)  plaintiff's Amended Motion to Compel (#10) is **STRICKEN**;

(2)  plaintiff's Motion to Compel (#8) is **GRANTED;**

(3)  defendants shall produce any documents or other information contained within the personnel file, whether such is maintained in paper or electronic format, relating to allegations that Defendant Williams used excessive force for a period of no less than 10 years prior to the date the Complaint in this matter was filed. Defendants are **GRANTED** leave to redact such documents in the manner discussed above;

(4)  the parties shall bear their own costs and fees related to this motion; and

(5)  a **PROTECTIVE ORDER** is entered concerning the disclosure and use

of documents produced in compliance with this Order:

a.  Any such personnel information obtained in this action which is asserted by defendants to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:08cv483" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.)

b.  In the absence of written permission from the defendants or an order by the Court, any confidential personnel information obtained in accordance with this Order shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses who may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file to the extent permitted by law.

c.  Personnel information obtained in accordance with the provisions of this Order shall not be made available to any person designated in paragraph 2 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Defendants' counsel: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 2; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

d.  If any persons, other than those identified above in Paragraph 2, are provided with any confidential personnel information by any person identified in Paragraph 2, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

e.  Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to this Order and in accordance with the Local Civil Rules of this court. Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to this Order shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof.

f.  When any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

g.  If confidential personnel information obtained in accordance with this Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Should the confidential personnel information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information shall not be subject to this Order, except that such information shall be used solely for the

purpose of this action.

h.  Upon final adjudication of this action, the disposition of all confidential personnel information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court or may be disposed of in a manner agreed to in writing by all parties.

Signed: February 18, 2009

Dennis L. Howell
United States Magistrate Judge